**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1782**

_____

JAMES D. HABURN; STEFANIE A. RODEN,

Plaintiffs - Appellants,

versus

JOHN F. KILBY; THE BANK OF FINCASTLE;
JOHN/JANE DOE, Owners/Co-owners,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (CA-04-336-7)

_____

Submitted: December 16, 2005          Decided: May 3, 2006

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

James D. Haburn, Stefanie A. Roden, Appellants Pro Se. C. Jacob Ladenheim, Fincastle, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James D. Haburn and Stefanie A. Roden appeal the district court's order dismissing their civil rights claim that the Bank of Fincastle excessively fined their partnership's bank account. The district court found that they lacked standing because they did not establish an interest in the bank account and granted the Bank's summary judgment motion to dismiss the case. Finding error, we vacate the district court's order and remand for further proceedings.

We review the grant or denial of summary judgment de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Haburn, Stefanie Roden, and Deirdre Roden formed a partnership. The partners agreed that Deirdre Roden would open and manage their bank account. The bank account was in the partnership name. In Virginia, each partner is an agent of the partnership for the purpose of its business. Va. Code Ann. § 50-73.91 (2005). "An act of a partner, including the execution of an instrument in the partnership name . . . binds the partnership." Id. Thus, the acts of Deirdre Roden were acts of the partnership. Further, while Deirdre Roden was the only authorized name on the account, Haburn and Stefanie Roden both made deposits and withdrawals from the account on several occasions. The money in the account was partnership money and "property acquired by a partnership is

- 2 -

property of the partnership and not of the partners individually." Va. Code Ann. § 50-73.89 (2005).

Moreover, in Virginia, "all partners are liable jointly and severally for all obligations of the partnership." Va. Code Ann. § 50-73.96 (2005). As a consequence, Haburn and Stefanie Roden were liable for the obligations of the partnership, which included any debts or fees incurred by the bank account. We thus conclude that Haburn and Stefanie Roden had an interest in the bank account as partners and had standing to raise their claims. Accordingly, we vacate the district court's order and remand for further proceedings.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

*Although Haburn and Stefanie Roden have argued the merits of their claims on appeal, those claims are more properly addressed in the first instance by the district court. Our disposition of this appeal does not indicate any view as to the nature or outcome of the proceedings on remand.